# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY SZORIK,** | ) | FILED: AUGUST 26, 2008 |
| | ) | 08CV4874 |
| **Plaintiff,** | ) | JUDGE ZAGEL |
| | ) | **Case No.**  MAGISTRATE JUDGE COLE |
| **v.** | ) | |
| | ) | **Judge**  AO |
| **SAFEGUARD STORAGE PROPERTIES** | ) | **Magistrate** |
| **LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

Safeguard Storage Properties LLC ("Safeguard" or "Defendant"), Defendant in the

above-styled action, hereby files this Notice of Removal. Pursuant to 28 U.S.C. §§ 1441 and

1446, the above-captioned action is removed from the Circuit Court of Cook County, Illinois

County Department, Law Division to the United States District Court for the Northern District of

Illinois, and as grounds for such removal, Safeguard would respectfully show the Court as

follows:

I.

Safeguard is the Defendant in a civil action pending in the Circuit Court of Cook County,

Illinois County Department, Law Division, being Case No. 2008L007657, entitled "*Jeffrey

Szorik v. Safeguard Storage Properties LLC,*" wherein Jeffrey Szorik ("Szorik" or "Plaintiff") is

the Plaintiff. Plaintiff asserts a cause of action for breach of contract against Defendant.

Pursuant to 28 U.S.C. § 1446(a), copies of all of the pleadings, processes, and orders served upon

Defendant in the state court action are attached hereto as *Exhibit A*.

II.

Plaintiff served Defendant with the Summons and the Complaint on July 29, 2008. Defendant's Notice of Removal is being filed within thirty (30) days of Defendant's receipt of the Summons and the Complaint, and is, therefore, timely filed within the period mandated by 28 U.S.C. §1446(b).

III.

This suit involves a controversy over which the District Courts of the United States have original jurisdiction pursuant to the provisions of 28 U.S.C. §1332(a)(1), and is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a). Indeed, this is a civil action between citizens of different states, where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

Plaintiff, presently and at the time the state court action was commenced, is a citizen of the State of Illinois. *See* Pl.'s Compl. 1. Defendant, at the present time and at the time of the commencement of the state court action, is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Georgia. *See Exhibit B.* Thus, Defendant, presently and at the time the state court action was commenced, is a citizen of the State of Delaware and the State of Georgia. Removal is, therefore, proper because the parties are diverse.

Further, removal is proper because Plaintiff seeks damages in an amount in excess of $75,000.00. In his Complaint, Plaintiff seeks damages for, among other things, "the loss of his salary as President and COO." Pl.'s Compl. 5. Pursuant to Plaintiff's May 15, 2007 Executive Employment Agreement, Plaintiff's annual salary with Defendant was $300,000. *See Exhibit B.* Plaintiff alleges that the parties amended his employment agreement to include a five-year term

- 2 -

and promised to pay Plaintiff "a salary and bonus 'as high as the market will allow' using the average salaries for publicly traded REITs." Pl.'s Compl. 4; Ex. A to Pl.'s Compl. Thus, even assuming the base salary Plaintiff claims is owed under the alleged amended employment agreement is $300,000 (his base salary pursuant to the Executive Employment Agreement), **Plaintiff seeks $1,500,000 in lost salary alone**. Therefore, the amount in controversy clearly exceeds $75,000.

Further, on or about April 15, 2008, Donald A. Hammett, Jr., counsel for Defendant, received a letter from Plaintiff's counsel containing a settlement demand (the "Demand Letter"). *See Exhibit C.* In the Demand Letter, Plaintiff demands that Safeguard pay him the following amounts allegedly owed to him pursuant to the alleged amended employment agreement under which he sues in this suit: (1) $262,495.89 in base salary from July 23, 2007 through March 28, 2008 and a minimum 2007 bonus payment from July 23, 2007 through December 31, 2007; (2) $1,460,437.32 in base salary from March 29, 2008 through July 22, 2011; (3) continued medical coverage for Plaintiff and his dependents for eighteen months; and (4) a 5.684919% ownership interest in Safeguard. *See Exhibit C.* The amounts Plaintiff seeks in the Demand Letter clearly establish that the amount in controversy in this action exceeds $75,000.00.

IV.

A copy of the written notice required by 28 U.S.C. § 1446(d) addressed to Plaintiff and to the Clerk of the Circuit Court of Cook County, Illinois County Department, Law Division, is attached hereto as *Exhibit D* and will be filed in the state court action and forwarded to Plaintiff upon the filing of this Notice of Removal.

V.

For purposes of this removal only, pursuant to 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.[1]

WHEREFORE, Defendant Safeguard Storage Properties LLC hereby respectfully requests that Case No. 2008L007657, styled "*Jeffrey Szorik v. Safeguard Storage Properties LLC*," pending in the Circuit Court of Cook County, Illinois County Department, Law Division, be removed therefrom to this Court.

Respectfully submitted,

SAFEGUARD STORAGE PROPERTIES LLC

By:     /s/ Kevin D. Kelly
        One of Its Attorneys

Kevin D. Kelly
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, Illinois 60606-4410
Tel: (312) 443-0217
Fax: (312) 896-6507

---

[1]     Defendant intends to file a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. 1404(a) requesting that the Court dismiss, or in the alternative transfer, this action pursuant to a forum selection clause contained in Plaintiff's Executive Employment Agreement and on convenience grounds.

## CERTIFICATE OF SERVICE

I, Joan R. Duresa, a non-attorney, on oath state that I caused a true and correct copy of

the attached NOTICE OF REMOVAL to be served upon all interested parties via U. S. Mail by

depositing same in the U.S. Mail 111 South Wacker Drive, Chicago, Illinois first class postage

properly affixed, before the hour of 5:00 p.m., on August 26, 2008 addressed as follows:

Sean B. Crotty
Eugene J. Schiltz
Coleman Law Firm
77 West Wacker Drive, Suite 400
Chicago, Illinois 60601-1812

_____
Joan R. Duresa

SUBSCRIBED and SWORN to before
me this 26th day of August, 2008.

_____
Notary Public

```
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆
◆   "OFFICIAL SEAL"        ◆
◆   LYNN D. CHINDLUND      ◆
◆ Notary Public, State of Illinois ◆
◆ My Commission Expires 2/18/12 ◆
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆
```

## LIST OF EXHIBITS

A  Pleadings, Processes and Orders served upon Defendant

B  Declaration of Thomas Knight

C  Declaration of Donald A. Hammett, Jr.

D  Notice of Filing Notice of Removal

# EXHIBIT A

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
07/29/2008
CT Log Number 513686726

TO:     Mark Rinder
        SAFEGUARD CAPITAL FUND, L.P.
        3350 Peachtree Rd. ND, Ste 1700
        Atlanta, GA 30326

RE:     **Process Served in Illinois**

FOR:    Safeguard Storage Properties LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Jeffrey Szorik, Pltf. vs. Safeguard Storage Properties LLC, Dfts. |
| DOCUMENT(S) SERVED: | Summons (2 sets), Complaint, Exhibit(s) |
| COURT/AGENCY: | Cook County Circuit Court - Cook County Department - Law Division, IL<br>Case # 2008L007657 |
| NATURE OF ACTION: | Seeking Injunctive Relief - Breach of Contract - Failing to provide Plaintiff with the 25% equity interest in the company - Failing to pay the salary and bonus that was owed |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Chicago, IL |
| DATE AND HOUR OF SERVICE: | By Process Server on 07/29/2008 at 10:30 |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service, not counting the day of service |
| ATTORNEY(S) / SENDER(S): | Sean B. Crotty<br>The Coleman Law Firm<br>77 West Wacker Drive<br>Suite 4800<br>Chicago, IL 60601<br>312-444-1000 |
| ACTION ITEMS: | Telephone, Mark Rinder , 504-838-8000<br>*07/29/08 - Phone line is disconnected*<br>SOP Papers with Transmittal, via  Fed Ex 2 Day , 798987431895 |
| SIGNED: | C T Corporation System |
| PER: | Tawana Carter |
| ADDRESS: | 208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| TELEPHONE: | 312-345-4336 |

Page 1 of  1 / FR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 (              ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____ Law _____ DIVISION

(Name all parties)

Jeffrey Szorik,

                                    Plaintiff,

                v.

Safeguard Storage Properties, LLC,

                                    Defendant.

}

No. _____

2008L007657
CALENDAR/ROOM Q
TIME 00:00
Breach of Contract

Serve:  Safeguard Storage Properties,
        LLC
        c/o CT Corporation System
        208 South LaSalle Street
        Suite 814
        Chicago, IL  60604

### SUMMONS

To each Defendant:

   YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** ____801____ **, Chicago, Illinois 60602**

| | | |
|---|---|---|
| ☐ **District 2 - Skokie** 5600 Old Orchard Rd. Skokie, IL 60077 | ☐ **District 3 - Rolling Meadows** 2121 Euclid Rolling Meadows, IL 60008 | ☐ **District 4 - Maywood** 1500 Maybrook Ave. Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview** 10220 S. 76th Ave. Bridgeview, IL 60455 | ☐ **District 6 - Markham** 16501 S. Kedzie Pkwy. Markham, IL 60426 | ☐ **Child Support** 28 North Clark St., Room 200 Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

   This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 91612

Name: Sean B. Crotty, Esq. (The Coleman Law Firm)

Atty. for: Plaintiff, Jeffrey Szorik

Address: 77 West Wacker Drive, Suite 4800

City/State/Zip: Chicago, Illinois 60601-1812

Telephone: (312) 444-1000

Service by Facsimile Transmission will be accepted at: _____

WITNESS, **JUL 15 2008** ,

DOROTHY BROWN
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant
or other person)

(Area Code)   (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 (                    ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ Law _____ DIVISION

(Name all parties)

Jeffrey Szorik,

                                    Plaintiff,

                v.

Safeguard Storage Properties, LLC,

                                    Defendant.

**SUMMONS**

No.  2008L007657
CALENDAR/ROOM Q
TIME 00:00
Breach of Contract

Serve:  Safeguard Storage Properties,
        LLC
        c/o CT Corporation System
        208 South LaSalle Street
        Suite 814
        Chicago, IL  60604

To each Defendant:

        YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑  Richard J. Daley Center, 50 W. Washington, Room _____801_____, Chicago, Illinois 60602

☐  **District 2 - Skokie**
   5600 Old Orchard Rd.
   Skokie, IL 60077

☐  **District 3 - Rolling Meadows**
   2121 Euclid
   Rolling Meadows, IL 60008

☐  **District 4 - Maywood**
   1500 Maybrook Ave.
   Maywood, IL 60153

☐  **District 5 - Bridgeview**
   10220 S. 76th Ave.
   Bridgeview, IL 60455

☐  **District 6 - Markham**
   16501 S. Kedzie Pkwy.
   Markham, IL 60426

☐  **Child Support**
   28 North Clark St., Room 200
   Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

        This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

WITNESS, _____JUL 15 2008_____

Atty. No.: 91612

Name: Sean B. Crotty, Esq. (The Coleman Law Firm)

Atty. for: Plaintiff, Jeffrey Szorik

Address: 77 West Wacker Drive, Suite 4800

City/State/Zip: Chicago, Illinois 60601-1812

Telephone: (312) 444-1000

Service by Facsimile Transmission will be accepted at: _____

DOROTHY BROWN
CLERK OF CIRCUIT COURT
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant
or other person)

        (Area Code)   (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Firm No. 91612

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Jeffrey Szorik,                 )

        Plaintiff,         )

                 )    Case No.

    v.                )

                 )

Safeguard Storage Properties LLC,   )    **JURY TRIAL DEMANDED**

                 )

        Defendant.     )

2008L007657
CALENDAR/ROOM Q
TIME 00:00
Breach of Contract

2008 JUL 15 PM 3:56

### COMPLAINT

### (Breach of Contract)

1.    Plaintiff Jeffrey Szorik is a resident of Illinois and a qualified and experienced business executive.

2.    Defendant Safeguard Storage Properties LLC ("Safeguard") is a limited liability company organized and existing under the laws of Georgia that owns and operates self-storage facilities. Safeguard operates a number of its facilities in Cook County and throughout Illinois.

3.    Venue is proper as Safeguard transacts business in Cook County and has a registered agent in Cook County.

4.    In the spring of 2006, an investment banker approached Szorik and asked him to consider applying for the job as Chief Operating Officer of an undisclosed company that he now believes was Safeguard. Szorik provided the banker with a copy of his resume to be forwarded to the company.

5.    In June of 2006, Szorik was contacted by Bruce C. Roch, Jr., who identified himself as the Chief Executive Officer of Safeguard. Roch informed Szorik

that Safeguard was the company searching for a COO. Szorik agreed to meet with Roch to interview for that job. Roch and other persons affiliated with Safeguard conducted several interviews with Szorik in June and July of 2006.

6.    In July of 2006, following these interviews, Roch, acting on behalf of Safeguard, offered Szorik the job of COO of Safeguard. Szorik accepted this offer, subject to the resolution of certain issues regarding the equity interest in Safeguard that he was to receive and the payment of the expenses he would incur in moving from Illinois to Georgia.

7.    During the time that he was interviewing for the COO position with Safeguard, Szorik was being actively pursued by two other employers to fill open executive positions at their organizations. Szorik declined to accept positions with either of these organizations in reliance on the promises made to him by Roch on behalf of Safeguard regarding his employment with Safeguard.

8.    Between July and October of 2006, Szorik and Roch continued to negotiate in an effort to resolve the open issues relating to Szorik's employment agreement with Safeguard. By the beginning of October, the parties were close to a definitive agreement, but still had not agreed on the details of the equity interest in Safeguard that Szorik would receive as part of the agreement.

9.    Because Safeguard was very anxious to have Szorik begin work, a compromise was reached in early October, 2006, whereby Szorik would begin work while the parties continued to negotiate the details of his equity interest.

10.    Accordingly, on or about October 16, 2006, Szorik and Safeguard executed an employment agreement and Szorik began to work as Safeguard's COO.

A term of that agreement gave Szorik the right to "opt out" if a satisfactory agreement on his equity interest was not reached by January 31, 2007.

11.    The parties were unable to reach agreement on the equity interest issue by January 31, 2007, or during the ensuing three months. Accordingly, on April 30, 2007, Szorik sent Safeguard a notice formally exercising his right to "opt out" of his employment agreement, and demanding certain payments due him under the agreement in the event he exercised his right to opt out. Szorik offered to negotiate a transitional employment agreement by which he would remain as COO for a year while the company attempted to secure a replacement for him.

12.    In mid-May 2007, Szorik and Safeguard agreed to the terms of a transitional employment agreement by which Szorik would remain as the company's COO during a one year transition period.

13.    In early July 2007, Roch approached Szorik and asked him to consider accepting a full-time position as Safeguard's President. Roch represented to Szorik that if he accepted this offer, he would receive a 25% equity interest in Safeguard and a "market salary."

14.    Szorik initially declined this offer because he did not want to move his family to Georgia (where Safeguard is headquartered) and because he was concerned about entering into another lengthy and ultimately fruitless negotiation with Roch over the details of his equity interest in Safeguard. Roch urged Szorik to reconsider, promising him that he and his family could remain in Illinois and assuring him that the parties would quickly document the details of Szorik's equity

3

interest. On the basis of Roch's promises, Szorik agreed in mid-July of 2007 to accept the job as Safeguard's President.

15.    Shortly thereafter, Szorik received an e-mail from Jack Chaney, who at the time was (and on information and belief still is) a 25% owner of Safeguard, congratulating him on his promotion to President. In August of 2007, Safeguard sent a video e-mail to all of the company's employees informing them of Szorik's promotion to President.

16.    On September 17, 2007, Szorik sent Roch an e-mail in order to document the material terms of his new employment agreement with Safeguard. On September 24, 2007, Roch sent Szorik an e-mail confirming on behalf of Safeguard the company's agreement to the material terms of the parties' agreement. (A copy of Roch's e-mail is attached as Exhibit A and incorporated by reference.)

17.    In his September 24, 2007 e-mail, Roch specifically promised, on behalf of Safeguard, that Szorik would receive, among other items, a 25% equity interest in Safeguard and a salary and bonus "as high as the market will allow" using the average salaries for publicly traded REITs.

18.    The employment agreement making Szorik Safeguard's President is a valid and binding contract.

19.    Beginning in mid-July of 2007 and continuing until his employment with Safeguard ceased, Szorik fulfilled his responsibilities as the company's President and otherwise performed all of his obligations under his 2007 employment agreement to act as the company's President. To the extent that he

was obligated by that agreement to perform any such obligations in the future, Szorik was at all times ready, willing and able to perform those obligations.

20.    Throughout the last four months of 2007 and the first four months of 2008, while he continued to perform his duties as Safeguard's President, Szorik continually raised with Roch the company's failure to provide him with a 25% equity interest in the company and otherwise to live up to its obligations under the employment agreement.

21.    Notwithstanding Szorik's efforts, Safeguard breached the employment agreement by, among other things, failing to provide Szorik with his 25% equity interest in the company and failing to pay Szorik the salary and bonus he was owed.

22.    On March 28, 2008, Szorik notified Safeguard of his intention to resign as the company's President as a result of the company's willful and material breaches of the employment agreement if those breaches were not cured in 30 days. Szorik voluntarily extended the 30-day deadline set forth in his March 28 notice to give Safeguard additional time to meet its obligations under his employment agreement, but when Safeguard still refused, Szorik resigned.

23.    Szorik was damaged, and continues to suffer damages, as a direct and proximate result of Safeguard's breach of contract in the following ways, among others:

a)    the loss of his 25% ownership interest in the company, and the attendant profits thereto;

b)    the loss of his salary as President and COO;

c)    the loss of his bonus as President and COO; and

d)    the loss of the benefits, perquisites, success fees, housing reimbursement and other entitlements he was owed under his employment agreement.

WHEREFORE, plaintiff Jeffrey Szorik prays for a judgment against defendant Safeguard Storage Properties LLC in an amount to be proven at trial, but in no event less than fifty thousand dollars ($50,000.00), for the costs of this suit and for such further relief (including injunctive relief) as the Court deems just and equitable.

### Demand for Jury Trial

Plaintiff demands a jury trial on all issues so triable.

By: _____

~~One of~~ Plaintiff's Attorneys

Sean B. Crotty
Eugene J. Schiltz
Coleman Law Firm
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601-1812
Tel: (312) 444-1000
Fax: (312) 444-1028
Firm No. 91612

**Sent:** Monday, September 24, 2007 2:20 PM
**To:** Jeff S. Szorik
**Subject:** RE: Letter of Intent

Jeff – I have responded below to your questions. Some of these require you and I discussing the best way to approach our new partners regarding these issues.

**Bruce C. Roch Jr. -- C.E.O.**
safeguard self storage | Atlanta Office
3350 Peachtree Rd NE | Floor 17
Atlanta, GA 30326
phone: +1.404.231.4000
mobile: +1504.400.8021
fax: +1.404.231.7000
email: BCR@Safeguardit.com
www.safeguardit.com

**From:** Jeff S. Szorik
**Sent:** Monday, September 17, 2007 4:21 PM
**To:** Bruce C. Roch, Jr.
**Subject:** Letter of Intent

Bruce:

I know you have a lot on your plate, so let me add a little more!

It has been more than two months since we met to agree to work together (partner) for the long term for the success of Safeguard. You and I have both expressed our interest in avoiding the mistake of our last attempt of documenting a long term employment agreement – and we committed to make progress toward an agreement before it rose to the level of a problem for either of us. We have also acknowledged that it may be difficult to formally execute agreement until the recapitalization has been completed. Instead, we have talked about the benefit of using a Letter of Intent to frame our understanding.

With the goal of planning for the company's future as well as my own, I would appreciate it if you would provide some guidance regarding the following items (please provide responses that are as specific as possible. For example, if your think the base salary should be $---,---- just state the amount in your reply):

"Success Fee" – You offered a fee/bonus at the time the company is sold or recapitalized. You were not specific as to amount and stated you would get back to me "soon".*[Bruce C. Roch, Jr.]* I would suggest a $1,000,000 success fee for a successful recapitalization and a 400,000 success fee if we sell all of the assets and C level management does not continue. You can keep the current fee under your current contract.

Base Salary – You indicated that I would be paid a "market salary" consistent with my role as president *[Bruce C. Roch, Jr.] I would like both you and I's salaries to be as high as the market will allow based on the very rich promote I expect both us to get. I would use the average of the publicly traded REITs (SNL Executive Comp Review) as a starting point which I think will be a big jump from where we are today. The challenge will be getting both from our new partner. I think we should push for the average of the REITS while maintain our aggressive stance on the promote side? Therefore, I don't think we should to commit to a salary today. We can talk about this.*

Bonus – Not specifically discussed
*[Bruce C. Roch, Jr.] Same as above. Our comp including bonuses should be aligned with the REITs*

Equity – "25% of the company, with your share 40%, and the rest to be shared with other employees/officers"
*[Bruce C. Roch, Jr.]
Yes to the 25% . I want to reserve the remaining shares for myself with the intention of giving away 15 to 25% of them to team recruits and a overall comp plan at my discretion. I would like to keep a minimum of 50% profits interest.*

Vesting/Valuation/Liquidity – Not specifically discussed at original meeting other than to acknowledge it was an important issue, but we agree that the concept will include some capability to put a portion of our equity interest to work through loans or permitted hypothecation.
*[Bruce C. Roch, Jr.] We are in complete alignment on this issue. We will push for a way to monetize these and you will be treated equal with me. I am open to ideas of what we would like to push for that would be better than my current plan with MS. For the most part, our value will remain captured and we will use our right to Buy/Sell and/or our right to force a sale to negotiate a monetization. Once again, I am open to ideas.*

Term – the length of the employment agreement was not discussed.*[Bruce C. Roch, Jr.]* 4 or 5 years. We should tie the term to significant events in the new promote structure. You and I's terms should match to keep continuity.

Housing – You offered to buy both of my houses up north with your July offer. When I accepted your offer I stated that it was on the condition that I live in Chicago and work in Atlanta. With our original employment in July 2006, the purchase of my Wisconsin home was a component that the company eliminated in October 2006 as I was coming to work for the company. I still have 3 houses, and this is an issue that needs to be addressed. Current housing allowance of $2,400 per month is about $600 short of out-of-pocket cost of the least expensive of the three homes.
*[Bruce C. Roch, Jr.] Probably should just make this part of the Comp arraignment. I would suspect that our comp increases will be significant enough that this is a small issue. Of course, if it helps from a tax stand point we can address that as well.*

Work location – 4 days Atlanta office, 1 day Chicago home office
*[Bruce C. Roch, Jr.] No problem*

Vacation – Not specifically discussed.  4 weeks currently
*[Bruce C. Roch, Jr.] No problem. 4 weeks*

Severance – Not specifically discussed.  Unnecessary with adequate "success fee" provision and acceptable resolution of equity component
*[Bruce C. Roch, Jr.] We should have market severance pay.  I think I will push for one year.*

Chicago Atlanta Travel – reasonable reimbursement of airfare and parking (about $300 per week currently for 47 weeks per year)
*[Bruce C. Roch, Jr.]*
*No problem. OK.*

Development Concept – I have stated on several occasions that I had been working on a self storage innovation after I tendered my resignation.  I would like my EA to either permit me to develop the concept through Safeguard or invest my own funds in the concept without triggering the non-compete.
*[Bruce C. Roch, Jr.]*  We need to discuss this.  At a minimum I will concede to carving it out of the EEA with reasonable contracts.  We should talk about the idea and try to understand if it makes sense for Safeguard.

*[Bruce C. Roch, Jr.]*
Lets discuss all of this to make sure that my responses were interpreted correctly.

Please provide your responses and I will be happy to respond with my own comments.  Also, I will be happy to draft a Letter of Intent based on our mutual responses.

Thank you for your time and consideration of this matter.

Jeff

**Jeffrey Scott Szorik - President & Chief Operating Officer**
Safeguard Self Storage | Atlanta Office
3350 Peachtree Rd NE | Floor 17
Atlanta, GA 30326
phone: +1.404.231.4000
mobile: +1.312.752.7576
fax: +1.404.231.1270
email: jszorik@safeguardit.com
www.safeguardit.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Jeffrey Szorik,                              )
               Plaintiff,           )
       v.                              )
                                )
Safeguard Storage Properties LLC,            )
               Defendant.           )

ILLINOIS SUPREME COURT RULE 222 AFFIDAVIT

STATE OF ILLINOIS      )
                   ) ss
COUNTY OF COOK         )

I, Sean B. Crotty, on oath and under penalty of perjury state the following:

    1.      I am an attorney for Plaintiff in the above captioned matter.

    2.      The damages sought by Plaintiff exceed $50,000.

FURTHER AFFIANT SAYETH NAUGHT

                                                    Sean B. Crotty

Subscribed and sworn to before
me this 15th day of July, 2008

Notary Public

"OFFICIAL SEAL"
DEBRA D. McNAIR
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 07/01/11

7

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY SZORIK** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** _____ |
| | § | |
| **SAFEGUARD STORAGE** | § | |
| **PROPERTIES LLC** | § | |
| | § | |
| **Defendant.** | § | |

## <u>DECLARATION OF THOMAS KNIGHT</u>

1.     My name is Thomas Knight.  I am over the age of eighteen and am capable of making this declaration.  The facts contained herein are within my personal knowledge and are true and correct.

2.     I am currently employed by Safeguard Storage Properties LLC ("Safeguard") as its Vice President/Corporate Controller, and have been employed by Safeguard since March 2006.

3.     Safeguard, at the present time and at the time Mr. Szorik filed his Complaint in the Circuit Court of Cook County, Illinois, is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Georgia

4.     At the time of his resignation on March 28, 2008, Safeguard was paying Mr. Szorik an annual salary of $300,000.

5.     The foregoing declaration is true and correct, and is made under penalty of perjury on the date signed below.

**<u>DECLARATION OF THOMAS KNIGHT</u> – Page 1**

By: THOMAS KNIGHT

8/25/08

DATE

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY SZORIK** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** _____ |
| | § | |
| **SAFEGUARD STORAGE** | § | |
| **PROPERTIES LLC** | § | |
| | § | |
| **Defendant.** | § | |

### DECLARATION OF DONALD A. HAMMETT, JR.

1.     My name Donald A. Hammett, Jr. I am an attorney licensed to practice law in the State of Texas. I am over the age of eighteen and am capable of making this declaration. The matters set forth in this declaration are true and correct, and based on my personal knowledge.

2.     I am an attorney for Defendant Safeguard Storage Properties LLC ("Safeguard").

3.     On or about April 15, 2008, I received a demand letter from Philip L. Mowery, an attorney representing Plaintiff Jeffrey Szorik. A true and correct copy of the demand letter from Mr. Mowery is attached hereto as Exhibit 1.

4.     The foregoing declaration is true and correct, and is made under penalty of perjury on the date signed below.

_____
By: DONALD A. HAMMETT, JR.

_____8/22/08_____
Date

# VEDDER PRICE

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
312-609-7500
FACSIMILE: 312-609-5005

PHILIP L. MOWERY
312-609-7642
pmowery@vedderprice.com

OFFICES IN CHICAGO, NEW YORK CITY AND LIVINGSTON, NEW JERSEY

April 15, 2008

**VIA E-MAIL AND U.S. MAIL**

Donald A. Hammett, Jr., Esq.
2200 Ross Avenue
Suite 2200
Dallas, TX 75201

Re:    **Jeff Szorik/Safeguard Storage Properties LLC**

Dear Don:

As you know, this firm represents Jeff Szorik.

We understand that on March 31, 2008 Safeguard Storage Properties LLC (the "Company") terminated Jeff's employment as of March 28, 2008, purporting to claim that Jeff had voluntarily resigned by notifying the Company pursuant to the "good reason" provisions of his July 2007 employment and partnership agreement of the Company's willful material breaches of that agreement. As set forth below, we believe that at a minimum Jeff is entitled to all amounts due him under this employment and partnership agreement for a termination by the Company without cause on March 28th.

**Background**

We understand that in July 2007, Jeff was offered a substantial partnership interest and promoted to President and Chief Operating Officer of the Company. This action by the Company occurred severance months after Jess resigned from the Company, entered into a transitional employment agreement with the Company, prepared his Atlanta homes for sale, and began pursuing plans for his future. Jeff's and that promotion was disseminated throughout the Company and was identified on the Company's website and in communication with the public. In connection with that promotion, Bruce Roch (the Company's CEO) and Jeff agreed that Jeff's compensation would be increased to a market level of compensation and that Jeff would receive a significant (25%) carried partnership interest in the Company.

We further understand that in September 2007, Jeff and Mr. Roch exchanged e-mails confirming the specific terms of Jeff's revised employment agreement (a copy of Mr. Roch's e-mail is attached). Jeff has at all times conducted himself in accordance with the terms of the agreement negotiated in July 2007 and confirmed in September 2007.

CHICAGO/#1773207.2

Donald A. Hammett, Jr., Esq.
April 15, 2008
Page 2

On March 10, 2008, Jeff provided Mr. Roch with a conformed copy of his employment agreement reflecting his promotion in July 2007 and the terms that had been agreed to between Jeff and Mr. Roch in July 2007 and confirmed in September 2007.

**Company Responses**

The response by the Company has been perplexing. First, on March 17, 2008, Jeff received an e-mail from Mr. Roch asserting that the two of them had merely had "general discussions" about the terms and conditions of Jeff's employment. Although the Company appears to concede that Jeff's July 2007 promotion to President and COO was real, the terms and conditions of Jeff's continued employment as President and COO agreed to in July 2007 and confirmed by Mr. Roch in the September 2007 e-mail were apparently meaningless.

Subsequently, Jeff notified the Company on March 28, 2008 that the Company had committed various willful and material breaches of his July 2007 employment agreement, and, pursuant to the "good reason" provisions of this employment agreement, he demanded that such breaches be rectified within the 30-day cure period provided for in the employment agreement. In response, on March 31, 2008 the Company informed Jeff that it treated his notification as a voluntary resignation and asked him to leave the premises.

**Consequences**

The Company's actions here are so contrary to reality that they simply cannot be taken at face value. Surely the Company cannot seriously be arguing that its CEO can knowingly enter into specific written agreements that he can then either pretend do not exist or claim were beyond his authority. At best such activity creates and breaches a contract with Jeff; at worst it would be indicative of a deliberate pattern and practice of deceit and deception affecting Jeff and presumably many others as well.

Assuming the Company's actions merely constitute a breach of Jeff's July 2007 employment and partnership agreement, Jeff is entitled to receive the full benefits due him under the July 2007 employment and partnership agreement because of a termination by the Company without cause. Thus, at a minimum, Jeff is entitled to and demands the following amounts (in addition to all amounts due and payable to him under Section 4 of the employment agreement as of March 28th): (1) payment of $262,495.89, reflecting Jeff's adjusted base salary from July 23, 2007 through March 28, 2008 and minimum 2007 bonus payment from July 23, 2007 through December 31, 2007, payable in a single payment, (2) payment of $1,460,437.32, reflecting Jeff's base salary from March 29, 2008 through July 22, 2011, payable in 6 equal monthly payments of $243,406.22 per month, and (3) continued medical coverage at no cost for Jeff and his eligible dependents for 18 months. In addition, Jeff will be vested in 5.684919% of the carried interest in the Company, and his admission to the partnership needs to be conformed or his partnership interest otherwise needs to be valued and liquidated.

If the worst case were to play out, Jeff's recovery would significantly dwarf these amounts. A reasonable statement of the amounts he is entitled to include $262,495.89 for adjusted salary and bonus amounts due from July 23, 2007 until March 28, 2008, together with $2,533,623.85

Donald A. Hammett, Jr., Esq.
April 15, 2008
Page 3

representing the balance of salary and bonus from March 28, 2008 through July 23, 2011, a 25% carried interest in the Company, which will include participation in any amounts recovered by the Company in its claim against insurers for property losses, lost income, lost profits, and a success fee of $400,000 to $1,000,000 in the event of sale or recapitalization of the Company that may occur through July 2011, together with costs and punitive damages that are a multiple of that may well be awarded if deceptive practices by the Company or any of its officers is demonstrated.

## Resolution

We choose to believe that the Company's actions in purporting to abrogate the July 2007 agreement with Jeff reflect posturing for purposes of negotiating a settlement with Jeff. Because Jeff believes that it would be in the bests interests of all concerned to resolve this matter promptly and amicably, we are willing to engage in a constructive dialogue over the next two weeks. If we are unable to reach a constructive resolution of this matter, Jeff will vigorously pursue his rights.

Don, I invite you to call me to discuss this matter at your earliest opportunity to see if this matter can be resolved.

Very truly yours,

Philip L. Mowery

PLM/tlj
cc:    Mr. Jeffrey Scott Szorik
Attachment

# EXHIBIT D

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| **JEFFREY SZORIK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 2008L007657** |
| **v.** ) | |
| ) | **CALENDAR/ROOM Q** |
| **SAFEGUARD STORAGE PROPERTIES** ) | |
| **LLC,** ) | |
| ) | |
| **Defendant.** ) | |

### <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

TO:    Dorothy Brown, Clerk of the Circuit Court, Cook County, Illinois,
Richard J. Daley Center, Room 1001, 50 West Washington Street,
Chicago, Illinois 60602; and

Plaintiff Jeffrey Szorik, by and through its attorneys of record, Sean B. Crotty
and Eugene J. Schiltz, Coleman Law Firm, 77 West Wacker Drive, Suite 4800,
Chicago, Illinois 60601-1812.

Notice is hereby given that Defendant Safeguard Storage Properties LLC, on the 26th day

of August, 2008, filed in the United States District Court for the Northern District of Illinois, its

Notice of Removal of the above-styled case from the Circuit Court of Cook County, Illinois

County Department, Law Division to the United States District Court for the Northern District of

Illinois.

A copy of said Notice of Removal is attached hereto as Exhibit A, which, along with this

Notice of Filing Notice of Removal, will be promptly transmitted to all parties pursuant to 28

U.S.C. §1446(d).  This Court is respectfully requested to proceed no further in this action.

Dated this 26th day of August, 2008.

- 1 -

Respectfully submitted,

SAFEGUARD STORAGE PROPERTIES LLC

By: _____
       One of Its Attorneys

Kevin D. Kelly
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, Illinois 60606-4410
Tel: (312) 443-0217
Fax: (312) 896-6507

- 2 -